UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHERINE FOWLER, ) | |
| ) | |
| Plaintiff, ) | Case No.  4:17-cv-02547 |
| ) | |
| v. ) | |
| ) | |
| MIDAS HOSPITALITY, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Catherine Fowler, through counsel, and for her cause of action against Defendants Midas Hospitality, LLC, Midas St. Peters, LLC and Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Catherine Fowler seeks damages for injuries she sustained on December 16, 2016, when she was a guest at the Courtyard Marriott St. Peters located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri, when she slipped on ice on said premises, causing her to fall and suffer injury and damage.

## GENERAL ALLEGATIONS

2. Plaintiff Catherine Fowler is a resident of the State of Kansas.

3. Defendant Midas Hospitality, LLC is a Missouri Limited Liability Corporation in active status with the State of Missouri with a registered agent for the receipt of service of process located at 120 South Central Avenue, St. Louis County, State of Missouri.

4. Defendant Midas St. Peters, LLC is a Missouri Limited Liability Corporation in active status with the State of Missouri with a registered agent for the receipt of service of process located at 120 South Central Avenue, St. Louis County, State of Missouri.

5. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance is a Missouri Limited Liability Corporation in active status with the State of Missouri with a registered agent for the receipt of service of process located at 13530 Northwest Industrial Drive, Bridgeton, MO 63044.

6. Plaintiff and Defendants are residents of separate states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

7. Plaintiff demands trial by jury pursuant to Rule 38 F.R.C.P.

### COUNT I
### MIDAS HOSPITALITY, LLC

COMES NOW Plaintiff Catherine Fowler, through counsel, and for Count I of her cause of action against Defendant Midas Hospitality, L.L.C., states as follows:

8. Plaintiff Fowler restates and incorporates by reference the allegations contained within paragraphs 1-4 above as if more fully set forth herein.

9. At all relevant times, Defendant Midas Hospitality, LLC owned, operated, managed and/or controlled the premises known as "Courtyard Marriott St. Peters" located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

10. At all relevant times, Defendant Midas Hospitality, LLC owned, operated, managed, maintained and/or controlled the parking lot on the premises of Courtyard Marriott St. Peters, located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

11. On or about December 16, 2016, Plaintiff Fowler was a guest at the Courtyard Marriott St. Peters premises owned, operated, managed and/or controlled by Defendant Midas Hospitality, LLC.

12. On December 16, 2016, there was ice on the walkway located immediately outside the main entrance of the premises of Courtyard Marriott St. Peters, owned, operated, managed, maintained and/or controlled by Defendant Midas Hospitality, LLC, and as a result the sidewalk and parking lot was not reasonably safe.

13. On December 16, 2016, Plaintiff exited the premises and slipped on the ice on the walkway located immediately outside the hotel's main entrance described in paragraph 10 above, causing her to fall and suffer injury.

14. By virtue of her status as a guest at Defendant's inn, a special relationship exited between Plaintiff and Defendant, and Defendant was under an affirmative obligation to act with reasonable care under the circumstances to protect its guests from injuries while on its premises.

15. Defendant Midas Hospitality, LLC knew, or by using reasonable care under the circumstances could have known that the walkway was dangerous and defective in that it was slippery due to ice, and was negligent in one or more of the following respects:

    a. Defendant Midas Hospitality, LLC failed to remove the dangerous condition of the walkway;

    b. Defendant Midas Hospitality, LLC failed to properly maintain the walkway;

    c. Defendant Midas Hospitality, LLC failed to warn of the unsafe nature of the walkway; and

    d. Defendant Midas Hospitality, LLC failed to barricade the area of the walkway.

16. As a direct and proximate result of the carelessness and negligence of Defendant Midas Hospitality, LLC as set out more fully above, the parking lot on the premises of Courtyard

Marriott St. Peters located at 4341 Veterans Memorial Parkway that Defendant Midas Hospitality, LLC owned, operated, managed, maintained and/or controlled was not reasonably safe.

17. As a direct and proximate result of Defendant Midas Hospitality LLC's carelessness and negligence as detailed above, Plaintiff Fowler was injured and damaged; Plaintiff sustained injuries to her left hip and femur, including fractures requiring surgery; Plaintiff required medical treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

18. As a direct and proximate result of Defendant Midas Hospitality LLC's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and may lose wages in the future.

**WHEREFORE**, Plaintiff Catherine Fowler respectfully prays for judgment against Defendant Midas Hospitality, LLC in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00)**, together with costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

### COUNT II
### MIDAS ST. PETERS, LLC

COMES NOW Plaintiff Catherine Fowler, through counsel, and for Count I of her cause of action against Defendant Midas St. Peters, L.L.C., states as follows:

19. Plaintiff Fowler restates and incorporates by reference the allegations contained within paragraphs 1-15 above as if more fully set forth herein.

20. At all relevant times, Defendant Midas St. Peters, LLC owned, operated, managed and/or controlled the premises known as "Courtyard Marriott St. Peters" located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

21. At all relevant times, Defendant Midas St. Peters, LLC owned, operated, managed, maintained and/or controlled the parking lot on the premises of Courtyard Marriott St. Peters, located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

22. On or about December 16, 2016, Plaintiff Fowler was a guest at the Courtyard Marriott St. Peters premises owned, operated, managed and/or controlled by Defendant Midas St. Peters, LLC.

23. On December 16, 2016, there was ice on walkway located immediately outside the main entrance to the Courtyard Marriott St. Peters, owned, operated, managed, maintained and/or controlled by Defendant Midas St. Peters, LLC, and as a result the sidewalk and parking lot was not reasonably safe.

24. By virtue of her status as a guest at Defendant's inn, a special relationship exited between Plaintiff and Defendant, and Defendant was under an affirmative obligation to act with reasonable care under the circumstances to protect its guests from injuries while on its premises.

25. On December 16, 2016, Plaintiff exited the premises and slipped on the ice on the walkway described in paragraph 20 above, causing her to fall and suffer injury.

26. Defendant Midas St. Peters, LLC knew, or by using reasonable care under the circumstances could have known that the walkway was dangerous and defective in that it was slippery due to ice, and was negligent in one or more of the following respects:

   a. Defendant Midas St. Peters, LLC failed to remove the dangerous condition of the walkway;

5

    b. Defendant Midas St. Peters, LLC failed to properly maintain the walkway;

    c. Defendant Midas St. Peters LLC failed to warn of the unsafe nature of the walkway; and

    d. Defendant Midas St. Peters, LLC failed to barricade the area of the walkway.

27. As a direct and proximate result of the carelessness and negligence of Defendant Midas St. Peters, LLC as set out more fully above, the walkway on the premises of Courtyard Marriott St. Peters located at 4341 Veterans Memorial Parkway that Defendant Midas St. Peters, LLC owned, operated, managed, maintained and/or controlled was not reasonably safe.

28. As a direct and proximate result of Defendant Midas St. Peters LLC's carelessness and negligence as detailed above, Plaintiff Fowler was injured and damaged; Plaintiff sustained injuries to her left hip and femur, including fractures requiring surgery; Plaintiff required medical treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

29. As a direct and proximate result of Defendant Midas St. Peters LLC's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and may lose wages in the future.

**WHEREFORE**, Plaintiff Catherine Fowler respectfully prays for judgment against Defendant Midas St. Peters, LLC in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00)**, together with costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

**COUNT III**
**BLUEGRASS LAWNCARE OF ST. LOUIS, LLC d/b/a**
**BLUEGRASS LANDSCAPING AND MAINTENANCE**

COMES NOW Plaintiff Catherine Fowler, through counsel, and for Count I of her cause of action against Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance, states as follows:

30. Plaintiff Fowler restates and incorporates by reference the allegations contained within paragraphs 1-29 above as if more fully set forth herein.

31. At all relevant times, Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance contracted with Defendant Midas Hospitality and/or Defendant Midas St. Peters for the purposes of snow and ice removal on and upon the premises known as "Courtyard Marriott St. Peters" located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

32. As a result of this contract, at all time pertinent hereto Defendant Bluegrass was under a duty to act with ordinary care in performing snow and ice remediation and removal on and upon the premises known as "Courtyard Marriott St. Peters" located at 4341 Veterans Memorial Parkway, St. Peters, State of Missouri.

33. On or about December 16, 2016, Plaintiff Fowler was a guest at the Courtyard Marriott St. Peters premises owned, operated, managed and/or controlled by Defendant Midas Hospitality, LLC and/or Midas St. Peters.

34. On December 16, 2016, there was ice on the walkway located immediately outside the main entrance of the premises of Courtyard Marriott St. Peters in the area where Defendant Bluegrass was contracted to perform snow and ice removal remediation and removal and as a result the sidewalk and parking lot was not reasonably safe.

35. On December 16, 2016, Plaintiff exited the premises and slipped on the ice on the walkway located immediately outside the hotel's main entrance described in paragraph 34 above, causing her to fall and suffer injury.

36. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance knew, or by using ordinary care under the circumstances could have known that the walkway was dangerous and defective in that it was slippery due to ice, and was negligent in one or more of the following respects:

    a. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance failed to remove the dangerous condition of the walkway;

    b. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance failed to properly maintain the walkway;

    c. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance failed to warn of the unsafe nature of the walkway; and

    d. Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance failed to barricade the area of the walkway.

37. As a direct and proximate result of Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance carelessness and negligence as detailed above, Plaintiff Fowler was injured and damaged; Plaintiff sustained injuries to her left hip and femur, including fractures requiring surgery; Plaintiff required medical treatment and will require treatment in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage.

38. As a direct and proximate result of Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future; Plaintiff lost wages and may lose wages in the future.

**WHEREFORE**, Plaintiff Catherine Fowler respectfully prays for judgment against Defendant Bluegrass Lawncare of St. Louis, LLC d/b/a Bluegrass Landscaping and Maintenance in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00)**, together with costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

            **GOLDBLATT + SINGER, P.C.**

            */s/ Shaun M. Falvey*
            **SHAUN M. FALVEY #55294**
            sfalvey@stlinjurylaw.com
            **8182 Maryland Ave., Ste. 801**
            **St. Louis, MO  63105**
            **(314) 231-4100 – Office**
            **(314) 241-4078 – Fax**

            ***ATTORNEYS FOR PLAINTIFF***