# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CATHERINE FOWLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17 CV 2547 DDN |
| MIDAS HOSPITALITY, LLC, *et al.,* | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER
## GRANTING MOTION TO COMPEL AND
## DISMISSING BLUEGRASS LAWNCARE OF ST. LOUIS, LLC

This matter is before the Court on the motions of defendant Bluegrass Lawncare of St. Louis, LLC, for summary judgment (Doc. 45); of defendant Midas Hospitality, LLC, to compel discovery (Doc. 46); and of plaintiff Catherine Fowler to dismiss without prejudice her claim against defendant Bluegrass Lawncare of St. Louis, LLC, (Doc. 48). Oral arguments were heard on January 30, 2019.

### Motion to compel

Defendant Midas Hospitality seeks an order compelling plaintiff to sign authorizations for disclosure of three sources of her medical records. The first is for the medical records of Dr. Robert Rosin (described as plaintiff's family doctor); the second is for the medical records of Dr. Basit Malik (described as her arthritis doctor); and the third source is the official Social Security Administration file of plaintiff's application(s) for disability benefits under the Social Security Act. Plaintiff objected to the requests, because their scopes were unlimited in time and as to medical condition. Plaintiff would limit the temporal scope to the specified doctors' records to the period from the alleged

fall and injury on December 11, 2016, and afterward and would limit the records to those relating to plaintiff's hip.

In her second amended complaint plaintiff alleges that her slip and fall on defendant's premises on December 11, 2016, caused her to suffer substantial injury to her left hip and femur. She also alleges that defendant's negligence damaged her ability to work thereby causing her to lose present and future wages as a librarian to age 72 when she would retire. In her deposition, plaintiff indicated she has suffered substantial injury to her hip, suffers from rheumatoid arthritis, and has had both knees replaced; she also testified that she has been determined to be disabled by the Social Security Administration.

Under Missouri law, medical records are protected by the physician-patient testimonial privilege codified in Rev. Stat. Mo. § 491.060(5). *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995). However, by bringing this lawsuit, plaintiff put her physical condition into issue and thereby waived the physician-patient to the extent the subject medical records bear on the issue. *Id.* While the pleadings in a case may limit the scope of permissible disclosure of otherwise privileged medial records, *id.*, the record of this action indicates that plaintiff alleges she has suffered substantial injuries, ones that greatly limit her ability to work. Further, she has applied for and received a determination of disabled under the Social Security Act. The receipt of disability benefits under the Social Security Act requires her allegation of and the agency's determination of her total disability.[1] Defendant is entitled to know what condition(s) may contribute to plaintiff's claim of reduced earning capacity.

However, a defendant's request for medical records, to avoid being too broad, must be limited to a relevant period and directed to specific, relevant sources. *State ex rel. Jones v. Syler*, 936 S.W.2d 805, 808 (Mo. banc 1997); *cf.*, *State ex rel. Fennewald v.*

---

[1] To be entitled to Social Security disability benefits, among other facts, a claimant must prove she is unable to perform any substantial gainful activity in the national economy due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(A)

2

*Joyce*, 533 S.W.3d 220, 222-23 (Mo. banc 2017). The Court grants defendant's motion to compel, but limited by the principles acknowledged above.

Motions to dismiss and for summary judgment

Also before the Court are the motions of defendant Bluegrass Lawncare of St. Louis, LLC, for summary judgment (Doc. 45) and of plaintiff Fowler to dismiss her claim against Bluegrass Lawncare without prejudice (Doc. 48). This defendant has not responded to plaintiff's motion,

Whereupon,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant Bluegrass Lawncare of St. Louis, LLC, without prejudice (Doc. 48) **is sustained**.

**IT IS FURTHER ORDERED** that the pending motion of defendant Bluegrass Lawncare of St. Louis, LLC, for summary judgment (Doc. 45) **is denied without prejudice as moot.**

**IT IS FURTHER ORDERED** that defendant Midas Hospitality's motion to compel production of materials from plaintiff (Doc. 46) **is sustained,** in that, following the filing of an agreed protective order, plaintiff (1) must authorize the production to defendant of all her medical records from Dr. Robert Rosin and Dr. Basit Malik for the period December 11, 2011, to the present; and (2) must also authorize the production to defendant of the entirety of her medical records and agency determinations in her Social Security Administration disability file(s).

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 11, 2019.