UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CATHERINE FOWLER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2547 DDN |
| | ) | |
| MIDAS HOSPITALITY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants for summary judgment. The Court heard arguments on the motion on April 19, 2019. For the reasons discussed below, the Court denies defendants' motion.

## I. **BACKGROUND**

Plaintiff Catherine Fowler has brought a negligence claim against defendants Midas Hospitality, LLC, and Midas St. Peters, LLC. Plaintiff alleges that on December 16, 2016, she fell on ice when she was a guest at the Courtyard Marriott St. Peters, located at 4341 Veterans Memorial Parkway, St. Peters, Missouri. (Doc. 54 at ¶ 1, Doc. 56 at ¶ 1). She claims that defendants owned, operated, managed, or controlled the hotel, and there was ice on the walkway located immediately outside the main entrance of the hotel. (*Id.* at ¶¶ 2-3). Plaintiff claims that under the innkeeper-guest special relationship, both defendants were under an enhanced, affirmative obligation to act with reasonable care to protect guests from injuries while on the premises, and that they were negligent in failing to address the walkway's dangerous condition. (*Id.* at ¶¶ 4-5). As a result of the fall, plaintiff claims she injured her left hip and femur, requiring surgery. (*Id.* at ¶ 6).

## II. **LEGAL STANDARD**

Summary judgment is proper "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770-71 (8th Cir. 2012). The party moving for summary judgment must show the absence of a

genuine issue of material fact on which the non-moving party has the burden of proof and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden shifts to the non-moving party to demonstrate that disputes of fact do exist. *Id.*

A fact is "material" if it could affect the ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the nonmoving party. *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. UNDISPUTED FACTS

Unless otherwise noted, the following facts are without substantial dispute. Defendant Midas Hospitality has a management contract to manage the Courtyard Marriott St. Peters hotel, which is owned by defendant Midas St. Peters. (Doc. 54, ¶ 7; Doc. 56, ¶ 7). The hotel is a Marriott franchise subject to Marriott brand standards, which require that the hotel operator "must ensure that all sidewalks and stairways are clear of ice and snow by using sand or salt as needed." (Doc. 58, ¶ 11). Because of this Marriott brand standard, on December 16, 2016, around 4 p.m., the hotel's chief engineer applied ice melt or salt to the hotel walkway, in an effort to make the walkway safe. (*Id.* at ¶ 9; Doc. 58, ¶¶ 7-8, 12). Defendants made no further inspection of the walkway for the next three and a half hours and are uncertain whether the walkway needed additional salt during this time. (Doc. 58, ¶¶ 9-10).

Meanwhile, plaintiff's brother drove plaintiff and his wife from Kansas to St. Charles, Missouri, to attend a cousin's funeral. (Doc. 54, ¶ 10; Doc. 56, ¶ 10). The driving conditions were bad because of an ice storm that produced freezing rain and snow: vehicles were travelling approximately 30 miles per hour on the interstate, and plaintiff's brother observed cars off of the road, in the median, and on the shoulder. (*Id.* at ¶ 12). By the time plaintiff arrived at the hotel, between 6:30 and 7:00 p.m., "I-70 was a parking lot." (*Id.* at ¶ 14).

Plaintiff's brother pulled into the circular drive in front of the hotel, parking under a covered area. (*Id.* at ¶ 15). Plaintiff and her sister-in-law got out of the car and took the luggage into the hotel, while plaintiff's brother moved the car to a handicapped spot. (*Id.*). The weather was misty, and there was no ice or snow accumulating on the hotel walkway at the time plaintiff

2

and her brother arrived at the hotel. (*Id.* at ¶ 16; Doc. 58, ¶ 4). Plaintiff's party checked into the hotel, and after about 30 minutes in their hotel room, they decided to get dinner. (Doc. 54, ¶ 17; Doc. 56, ¶ 17). Plaintiff and her brother walked out to the car around 7:30 p.m., while plaintiff's sister-in-law waited in the lobby for them to pull the car around. (*Id.* at ¶ 19). As he left the hotel lobby, plaintiff's brother noticed that the walkway was wet. (*Id.* at ¶ 20). He slipped on the sidewalk but did not fall. (*Id.* at ¶ 21). Neither plaintiff nor her brother saw ice or snow accumulating on the hotel walkway when they exited the hotel, nor did they see any type of salt or ice melt on the walkway. (*Id.* at ¶¶ 22-23; Doc. 58 at ¶ 5). Plaintiff did not see anyone shoveling or applying salt or ice melt or any trucks plowing the drive. (Doc. 54, ¶ 24; Doc. 56, ¶ 24). Plaintiff suddenly felt both feet go out from underneath her and she fell. (*Id.* at ¶ 26). As she lay on the ground, plaintiff felt ice on the hotel walkway. (*Id.* at ¶ 27). Neither plaintiff nor her brother saw any type of salt or ice melt on the walkway after plaintiff's fall. (*Id.* at ¶¶ 28-29).

The parties dispute whose responsibility it was to apply ice melt or salt to the hotel walkway. ¶ 8. They dispute the length of the drive to St. Charles. ¶ 11. The parties dispute that it was "cold" at the time of her fall and the cause of the ground being wet: defendants maintain that it was misting enough to make the ground wet, while plaintiff argues there is no specific evidence in the record of the precise cause of why the ground was wet at the time. (*Id.* at ¶ 16). It is uncontroverted, however, that defendants were aware "there was a weather event" that began several hours before plaintiff's fall. Defendants claim that plaintiff's brother warned plaintiff prior to walking out to the car that it was a little slick. Plaintiff denies this. (*Id.* at ¶ 18). Plaintiff also denies that she could tell the sidewalk was slick and feel her feet slipping a bit before her fall. (*Id.* at ¶ 25).

## IV. **DISCUSSION**

In this diversity action, both sides invoke Missouri law as the substantive rules of decision. 28 U.S.C. § 1652. Under Missouri law, in order to establish a premises liability theory of negligence, an invitee must show that:

> (1) a dangerous condition existed on defendant's premises that involved an unreasonable risk, (2) the defendant knew or by using ordinary care should have known of the condition, (3) the defendant failed to use ordinary care in removing

or warning of the danger, and (4) the plaintiff sustained injuries as a result of the condition.

*Steward v. Baywood Villages Condominium Association*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004). Defendants argue that no factual dispute exists as to the second and third of these elements, and defendants are therefore entitled to judgment as a matter of law. The Court disagrees. Disputes of fact exist that preclude summary judgment at this time.

### A. Whether defendant knew or should have known of the condition

First, defendants claim that no factual dispute exists as to whether defendants had notice of a dangerous condition on the hotel walkway. They claim that the only evidence suggesting that ice had formed on the hotel walkway was plaintiff's testimony, stating that only after she fell did she notice the ice. They argue that no evidence suggests she or anyone else notified hotel staff of ice on the hotel walkway prior to her alleged fall. While they concede they may have had notice or knowledge of an icy condition on the walkway prior to 4 p.m., when the hotel chief engineer applied ice melt to the walkway, they did not have notice or knowledge of such a condition at the time of plaintiff's fall.

Notice may be actual or constructive. Accordingly, the element may be proven by showing either that defendant knew, or by exercising ordinary care should have known, of the ice. *Steward*, 134 S.W.3d at 682. Missouri courts have defined "ordinary care" as the degree of care that an ordinarily careful person would use under the same or similar circumstances. *Lopez v. Three Rivers Elec. Coop., Inc.*, 26 S.W.3d 151, 158 (Mo. 2000). It is not disputed that the hotel chief engineer salted the sidewalks at 4 p.m. Nor is it disputed that no other hotel employee checked the walkway after 4 p.m. This Court cannot say as a matter of law that defendant did not have actual or constructive notice of the ice on the sidewalk. The question of whether defendants knew or should have known of the ice is a question for the jury, who can decide whether an ordinarily careful person would monitor the walkway after salting it, such that defendants should have known of any ice.

### B. Whether defendant had a duty to remove ice

Defendants claim no factual dispute exists as to whether defendants had a duty to remove ice that had accumulated naturally and was a condition general to the community.

The Missouri Supreme Court has found that a special relationship exists between hotel operators or innkeepers and their guests "so as to impose affirmative duties in the protection of persons and property." *Virginia D. v. Madesco Inv. Corp.*, 648 S.W.2d 881, 885 (Mo. banc 1983); *see also Wilson v. KAL Motel, Inc.*, 524 S.W.3d 572, 575 (Mo. Ct. App. 2017). Innkeepers are "under a duty to their guests . . . 'to keep and maintain their premises and furnishing in a reasonably safe condition.'" *Wilson*, 524 S.W.3d at 575 (quoting *Lonnecker v. Borris*, 229 S.W.2d 524, 526 (Mo. 1950)). Implicit in this duty is the obligation to make careful and regular inspections to correct conditions that might foreseeably cause injury. "[T]he law protects the guest from the carelessness of his landlord even where the defect in the premises is known or is obvious to the guest, so long as the latter uses ordinary care for his own safety." *Shute v. Prom Motor Hotel, Inc.*, 446 S.W.2d 137, 140 (Mo. App. 1969).

Under Missouri law, a landowner generally "has no duty to remove snow or ice on outside areas where the snow or ice accumulated naturally as a result of general weather conditions within the community." *Medlock v. St. John's Health Sys.*, 426 S.W.3d 35, 38 (Mo. Ct. App. 2014). This is because "[t]o hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform." *Id.* at 39. However, liability may attach for ice- and snow-induced sidewalk injuries when the land possessor or owner: (1) "artificially creates, through negligence or affirmative action, a condition that makes passage unsafe," *Cooper v. Capital Investment, LLC*, 204 S.W.3d 331, 334-35 (Mo. Ct. App. 2006); (2) "makes use of the sidewalk for something other than the sidewalk, which makes the sidewalk more dangerous when slick or wet," *id.*; or (3) "obligates himself either by agreement or a course of conduct over a period of time to remove the snow and ice, thereby assuming a duty." *Richey v. DP Properties, LP*, 252 S.W.3d 249, 252 (Mo. Ct. App. 2008)

Defendants argue they did not owe plaintiff a duty to keep their premises safe from ice, because she fell after an ice storm that was a natural accumulation of ice common to and present throughout the St. Louis area. However, according to the uncontroverted facts, there was no ice naturally accumulating at the time of plaintiff's fall. Plaintiff and her brother did not observe any ice or snow accumulating on the walkway when they entered the hotel, nor when they exited approximately 30 minutes later. Defendants admit that they did not inspect the walkway between the time the chief engineer salted it around 4 p.m. and the time of plaintiff's fall around

5

7:30 p.m.  For the purposes of their motion for summary judgment, defendants have not met their burden to establish as a matter of law that there was a natural accumulation of ice or snow, or what the condition of the walkway was at the time of plaintiff's fall.

Missouri courts have repeatedly held that whether a weather condition of ice and snow was a general condition is a question of fact for the jury.  *See e.g., Cooper v. Capital Investment*, LLC 204 S.W.3d 331, 335 (Mo. App. E.D. 2006).  In *Cooper*, the Court of Appeals reversed the trial court's grant of summary judgment, finding that the evidence did "not compel the conclusion that there existed a general weather condition of ice and snow at the time of [the plaintiff's] slip and fall." *Id.*  In that case, there had been slippery ice during the morning, and "everybody was very conscious of it."  However, it had warmed up during the day, and in many places the ice had melted.  The Court concluded that summary judgment was inappropriate, and issues of material fact existed as to whether there was a general weather condition of ice and snow that relaxed the defendant's duty.  In this case, too, it is a question of fact that the jury must decide.

The jury must also decide whether, even if there was a general weather condition of ice and snow at the time of plaintiff's fall, defendants assumed a duty to remove ice from the walkway based on their conduct.  Defendants salted the walkway 3.5 hours before plaintiff's fall and had a policy of salting sidewalks when icy conditions were present.  In *Gorman v. Wal-Mart Stores, Inc.*, the Missouri Court of Appeals held that evidence that the condition of the sidewalk where the plaintiff fell had been altered by applying salt prior to the time he fell provided a basis for concluding that Wal-Mart had assumed a duty to that plaintiff.  19 S.W.3d 725, 732 (Mo. Ct. App. 2000)..

Accordingly, material issues of fact exist precluding summary judgment.

## V. ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (Doc. 52) is denied.

/s/     David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 25, 2019.